IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE CAITO,

   Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC, a foreign limited liability company,

   Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, STEVE CAITO, sues the Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant OCWEN LOAN SERVICING, LLC, (hereafter "OCWEN'), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

3.    The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiff, STEVE CAITO, is and was at all material times a natural person over the age of eighteen (18), who resides in Riverview, Hillsborough County, Florida.

5. Plaintiff STEVE CAITO is the "called party" with respect to the calls placed to his cellular telephone number, (813) 965-2347, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

6. At all times material hereto, OCWEN LOAN SERVICING, LLC, (hereafter "OCWEN") was and is a foreign limited liability company, with its principal place of business at 1661 Worthington Road, Ste 100, West Palm Beach, FL 33409, doing business in Florida through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant OCWEN sought to collect an alleged mortgage loan debt from Plaintiff STEVE CAITO that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

8. At all times material hereto, Defendant OCWEN was the servicer of a mortgage loan debt owed by Plaintiff.

9. In or about April of 2014, Defendant, OCWEN began initiating a campaign of autodialed calls ("robocalls") to Plaintiff's cellular telephone number, (813) 469-7654, in an effort to collect the above described alleged mortgage loan debt.

10. Upon answering several of these robocalls, Plaintiff STEVE CAITO verbally explained to OCWEN'S representatives that he was not behind in his mortgage payments, as he was paying a portion of his payment every two weeks; and in fact, was ahead of schedule, and further instructed Defendant's representatives to stop calling.

11. Despite Plaintiff's unambiguous instructions that he was not behind on his payments for the subject mortgage loan, and to stop calling, Defendant OCWEN continued initiating autodialed calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

12. Defendant OCWEN intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including but not limited to initiating several robocalls to Plaintiff's cellular telephone during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

13. To date, Defendant has placed approximately five-hundred (500) autodialed calls to Plaintiff on his aforementioned cellular telephone number, and the calls continue through the date of filing of this Complaint.

14. Despite Plaintiff demanding that Defendant OCWEN stop placing calls to his aforementioned cellular telephone number, Defendant OCWEN, in an effort to collect the above

described alleged debt, proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein.

15. The telephone calls at issue were placed by Defendant OCWEN using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

16. Defendant OCWEN initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. Alternatively, Defendant OCWEN initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

18. Additionally, none of the telephone calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

19. Defendant OCWEN consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

20. Defendant OCWEN has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

21. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

22. Despite actual knowledge of its wrongdoing, Defendant OCWEN continued the campaign of harassment and abuse.

23. Defendant OCWEN'S corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

24. Defendant OCWEN'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25. Defendant OCWEN followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

26. Defendant OCWEN has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27. Defendant OCWEN has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST OCWEN

28. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

29. None of the calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30. Furthermore, Plaintiff revoked any "prior express consent" Defendant BOA had or mistakenly believed it had by verbally instructing Defendant on numerous occasions to stop placing calls to his aforementioned cellular telephone number.

31. Additionally, none of the calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

32. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to Plaintiff STEVE CAITO by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33. The TCPA provides Plaintiff with a private right of action against Defendant OCWEN for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff STEVE CAITO respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA AGAINST OCWEN

34. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

35. At all times material to this action Defendant OCWEN was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

36. Defendant OCWEN engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

37. Defendant OCWEN engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

38. Defendant OCWEN engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

39. The actions of Defendant OCWEN have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of

emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff