UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE CAITO,

    Plaintiff,

v.     Case No: 8:15-cv-2472-T-17TBM

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____

## ORDER DENYING MOTION TO DISMISS (DOC. NO. 45)

To establish Article III standing, a plaintiff must show a redressable injury in fact that is fairly traceable to the alleged conduct of a defendant. Steve Caito asks this Court for injunctive relief and damages because Ocwen Loan Servicing, LLC allegedly contravened federal and state law by calling him over 500 times to collect on a bill that he did not owe. The Court holds that Mr. Cato has Article III standing to pursue his claims.

**I.     Background, Procedural History, and Arguments of the Parties**

The Defendant, Ocwen Loan Servicing, LLC ("**Ocwen Loan**"), manages the mortgage loan owned by the Plaintiff, Steve Caito. (*Amended Complaint*, Doc. No. 15, ¶ 8). Mr. Caito alleges that Ocwen Loan used an autodialing system to call his cellular telephone to collect money on his mortgage loan payments. Id., ¶¶ 9-12. Despite (1) Mr. Caito's insistence that he was ahead of his loan repayment schedule, and (2) repeated instructions to cease the offending calls, Ocwen Loan called Mr. Caito over 500 times from April 2014 to December 18, 2015. Id., ¶¶ 11, 16. Mr. Caito received Ocwen Loan's unwanted calls several times a day, and on consecutive days. Id., ¶ 12.

Mr. Caito alleges that Ocwen Loan, without his prior express permission, used the automated Aspect Unified IP dialing system to make the calls. Id., ¶ 14, 15. The system is alleged to have the "capacity to store or produce telephone numbers to be called, using a random or sequential number generator" and can call a number "without human intervention." Id., ¶ 14. Mr. Caito alleges that Ocwen Loan's corporate policies allowed its agents to autodial his cellular phone, and ignored his numerous pleas for the calls to stop. Id., ¶ 21, 24.

On December 8, 2015, Mr. Caito filed a two count amended complaint against Ocwen Loan for violating the Telephone Consumer Protection Act of 1991 (the "**TCPA**") and the Florida Consumer Collection Practices Act. (*Amended Complaint*, Doc. No. 15, ¶ 1). On January 15, 2016, Ocwen Loan answered the complaint, and filed a motion to stay the proceedings pending the U.S. Supreme Court's decision in Spokeo, Inc. v. Robins, 136 S. Ct. 1540, (2016). On March 14, 2016, the Court granted the motion to stay the proceedings. (*Endorsed Order*, Doc. No. 38). On July 11, 2016, after the U.S. Supreme Court's decision in Spokeo, Ocwen Loan filed a motion to dismiss the amended complaint. (*Motion to Dismiss*, Doc. No. 45). Mr. Caito subsequently filed his response in opposition to the motion to dismiss, (*Response in Opposition*, Doc. No. 46), and notices of additional authority for the Court's consideration. (Doc. Nos. 48-49).

Ocwen Loan argues that the Spokeo decision demands the dismissal of Mr. Caito's amended complaint because he did not allege a concrete injury. (*Motion to Dismiss*, Doc. No. 45 at 1). Consequently, Ocwen Loan asserts that Mr. Caito lacks Article III standing to sue, and the Court lacks the jurisdiction to entertain the case. Id.

Mr. Caito responds that he has standing to sue. (*Response in Opposition*, Doc. No. 46 at 1).

## II. Analysis

As the party invoking federal jurisdiction, Mr. Caito bears the burden of establishing his constitutional standing to pursue his claims before this Court. Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334 (2014). Parties have standing to invoke the federal courts' jurisdiction only when they show that they suffered a redressable injury in fact that is fairly traceable to the challenged conduct. Wittman v. Personhuballah, 136 S. Ct. 1732, 1736, 195 L. Ed. 2d 37 (2016). Parties suffer an injury in fact when they suffer an invasion of a legally protected interest that is concrete, particularized, and "actual or imminent." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). An injury is not fairly traceable to a defendant when it is the result of a third party not before the Court. Id. The injury is redressable when it is "likely" to be vindicated by a favorable decision. Id.

Mr. Caito pled sufficient facts to show that he sustained a redressable, concrete and particularized injury that is fairly traceable to the challenged conduct by Ocwen Loan. Ocwen Loan's arguments to the contrary are unpersuasive. The motion to dismiss (Doc. No. 45) is **DENIED**.

### A. Mr. Caito allegedly sustained a concrete and particularized injury.

To establish an injury in fact, Mr. Caito must demonstrate that he suffered (1) "an invasion of a legally protected interest," (2) that is "concrete and particularized," which is (3) "actual or imminent, not conjectural or hypothetical." Spokeo, 136 S.Ct. at 1548 (internal citations omitted). An injury is particularized if it "affects the plaintiff in a personal and individual way." Id. (internal citation omitted). A concrete injury must be "real" and not "abstract." Id.

3

Intangible injuries can be concrete injuries. Id. at 1549. The judgment of Congress, while not dispositive, is "instructive and important" when determining whether an intangible injury meets the minimum Article III standing requirements. Id. Mr. Caito need not "allege any *additional* harm beyond the one Congress identified." Id. (emphasis in original). Alleging a bare procedural violation—even one in violation of statute—is insufficient to satisfy the concreteness requirement. Id. at 1550.

The occupation of a call recipient's telephone line is a specific injury targeted by the TCPA. Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1250 (11th Cir. 2015). In Sarris, the Eleventh Circuit explained that "[t]he actual or threatened injury required by Art[icle] III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Id. at 1251 (internal quotation omitted). In TCPA cases, the Eleventh Circuit explained that plaintiffs suffer a concrete and particularized injury when their fax machines and electronic transmission lines are occupied by others in violation of federal law. Id.

Mr. Caito alleges that Ocwen Loan called him 500 times in violation of the TCPA. (*Amended Complaint*, Doc. No. 15, ¶ 16). Surely, if an obstructed fax line gives a plaintiff Article III standing, Mr. Caito alleges more than enough to satisfy the injury in fact requirement for standing. The injury he alleges is real and actual, and was sustained by him personally. He need not plead anything more.

The U.S. Supreme Court's decision in Spokeo adds little to the analysis of this case. Spokeo reaffirms that courts must analyze whether a plaintiff suffered a particularized *and* concrete injury for standing issues. Spokeo, 136 S.Ct. at 1548. The

Spokeo decision does not change the result here. Mr. Caito alleged a particularized and concrete injury.

### B. Mr. Caito's alleged concrete and particularized injury is fairly traceable to Ocwen Loan and is redressable by a favorable judicial ruling.

Having alleged a particularized and concrete injury, Mr. Caito must also demonstrate (1) "a causal connection between the injury and the conduct complained of" and (2) that the injury is likely to be "redressed by a favorable decision." Lujan, 504 U.S. at 560-61. Mr. Caito makes the necessary showings in his pleadings. Mr. Caito alleges that Ocwen Loan, through its registered agent, "initiat[ed] a campaign of autodialed calls ('robocalls') to [Mr. Caito's] cellular telephone number… in an effort to collect" money that he did not owe. (*Amended Complaint*, Doc. No. 15, ¶ 9). A favorable decision would provide Mr. Caito with the relief that he seeks, including damages and injunctive protection. Id. at p. 8. The injury is fairly traced to Ocwen Loan and is redressable.

### III. Conclusion

Accordingly, it is

**ORDERED**, that the motion to dismiss (Doc. No. 45) is **DENIED**. Mr. Caito has standing before this Court to pursue his claims against Ocwen Loan.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 9th day of December, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record